IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROGER P. JACKSON, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1784 (RGA) |
| | ) | |
| SEASPINE HOLDINGS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO STRIKE SEASPINE'S EQUITABLE
DEFENSES UNDER FED. R. CIV. P. 12(F)**

Pursuant to Fed. R. Civ. P. 12(f), plaintiff Roger P. Jackson, M.D. ("Plaintiff") moves to strike Defendant SeaSpine Holdings Corporation's ("SeaSpine's") Equitable Defenses from its Answer to Plaintiff's First Amended Complaint (D.I. 37, "Answer").  SeaSpine's Equitable Defenses should be stricken under Rule 12(f) because those defenses do not meet the pleading requirements of Rule 9(b).  The grounds for this Motion are set forth more fully below.[1]

1. Following the Court's February 14, 2022 Order (D.I. 28) largely denying SeaSpine's motion to dismiss, SeaSpine filed its Answer on March 15, 2022.

2. SeaSpine's Third Defense, which it titled "Equitable Defenses," simply states the following: "Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel, waiver, unclean hands, and acquiescence."  D.I. 37 at 18.  SeaSpine's Answer does not include any factual allegations related to its Equitable Defenses.

---

[1] Plaintiff's Motion to Strike is a dispositive motion under Local Rule 7.1.1.  *Sonos, Inc. v. D&M Holdings Inc.,* No. CV 14-1330-RGA-MPT, 2016 WL 4249493, at *3 (D. Del. Aug. 10, 2016), *report and recommendation adopted*, No. CV 14-1330-RGA, 2016 WL 4581078 (D. Del. Sept. 1, 2016) ("a motion to strike is dispositive, and LR 7.1.1, which concerns nondispositive motions, is not applicable").

3.      Federal Rule of Civil Procedure 12(f) provides that the court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may strike a defense where the "insufficiency of the defense is 'clearly apparent.'" *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (citation omitted).

4.      Rule 9(b) requires that when a party alleges "fraud or mistake, [the] party must state with particularity the circumstances constituting fraud or mistake."

5.      Equitable defenses, like those pled in SeaSpine's Third Defense, must "be plead with particularity under Rule 9(b)." *Bench Walk Lighting LLC v. Everlight Elecs. Co.*, No. 20-CV-49-RGA, 2020 WL 5128086, at *1 (D. Del. Aug. 31, 2020) (striking equitable defenses of "waiver, estoppel, and unclean hands" where defendant did not plead any facts in support of those defenses); *see also Sun Microsystems*, 630 F. Supp. 2d at 408 ("a court is not required to accept affirmative defenses that are mere bare bones conclusory allegations, and may strike such inadequately pleaded defenses").

6.      SeaSpine has not pled any facts in support of any of its equitable defenses, all of which must be pled with particularity under Rule 9(b). The insufficiency of SeaSpine's defenses, therefore, is clearly apparent and those defenses should be stricken. *Bench Walk*, 2020 WL 5128086, at *1 ("the Court agrees that Defendant has not pled sufficient (or, indeed, any) facts to support the third affirmative defense of waiver, estoppel, and unclean hands"); *see also Sonos*, 2016 WL 4249493, at *4-6 (striking defenses of equitable estoppel, acquiescence, waiver, and unclean hands).

7.      **Equitable Estoppel:** Equitable estoppel sounds in fraud and must be pled with particularity under Fed. R. Civ. P. 9(b). *Sonos*, 2016 WL 4249493, at *5 (striking affirmative

defense of estoppel because Fed. R. Civ. P. 9(b) requires "the defense to be pled with particularity" but defendant's "conclusory allegation provides no basis for any misleading conduct"); *Bayer CropScience AG v. Dow AgroSciences LLC,* No. CIV. 10-1045 RMB/JS, 2011 WL 6934557, at *3 (D. Del. Dec. 30, 2011). Here, SeaSpine has failed to plead any facts concerning the circumstances giving rise to the alleged wrongful conduct, let alone with the particularity required under Rule 9(b), and the defense should thus be stricken. *Id.*

8.  **Unclean Hands:** "Unclean hands is an equitable defense requiring" a showing that the plaintiff "is guilty of conduct involving fraud, deceit, unconscionability, or bad faith." *Sonos*, 2016 WL 4249493, at *5. "Because an element of unclean hands is based in fraud, the defense must be pled with particularity under Rule 9(b)." *Id.* Here, SeaSpine has failed to plead a single fact to suggest misconduct by Plaintiff and this affirmative defense clearly fails. *Id.*; *Bench Walk*, 2020 WL 5128086, at *1 (striking unclean hands defense).

9.  **Waiver:** SeaSpine also has failed to plead a single fact to support its waiver defense. An adequately pled waiver defense requires a showing of an existing right and an actual intention to relinquish the right. *Sonos*, 2016 WL 4249493, at *5. SeaSpine has not alleged Plaintiff had any intent to relinquish its patent rights and this affirmative defense should thus be stricken. *Bench Walk*, 2020 WL 5128086, at *1 (striking waiver defense); *Sonos*, 2016 WL 4249493, at *5 (same).

10. **Acquiescence:** A defense of acquiescence requires the defendant to show that the plaintiff "has full knowledge of his rights and the material facts and (1) remains inactive for a considerable time; or (2) freely does what amounts to recognition of the complained of act; or (3) acts in a manner inconsistent with the subsequent repudiation, which leads the other party to believe the act has been approved." *Sonos*, 2016 WL 4249493, at *6 (quoting *Klassen v. Allegro*

*Development Corp.*, 106 A3d. 1035, 1047 (Del. 2014)). As in *Sonos*, the acquiescence defense should be dismissed because SeaSpine has pled no facts to demonstrate Plaintiff's "recognition or acceptance" of SeaSpine's patent infringement.

11. Striking SeaSpine's conclusory equitable defenses will "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Sun Microsystems*, 630 F. Supp. 2d at 402. Plaintiff, therefore, respectfully requests that the Court grant his motion to strike SeaSpine's equitable defenses of equitable estoppel, waiver, unclean hands, and acquiescence.

OF COUNSEL:

Thomas Gemmell
Mark T. Deming
Randal S. Alexander
POLSINELLI PC
150 North Riverside Plaza, Suite 3000
Chicago, IL 60606
tgemmell@polsinelli.com
mdeming@polsinelli.com
ralexander@polsinelli.com

Aaron M. Levine
POLSINELLI PC
1000 Louisiana St., 64th Floor
Houston, TX 77002
alevine@polsinelli.com

Darren E. Donnelly
POLSINELLI LLP
Three Embarcadero Center, Suite 2400
San Francisco, CA  94111
ddonnelly@polsinelli.com

April 5, 2022

POLSINELLI PC

*/s/ Stephen J. Kraftschik*
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

*Attorneys for Plaintiff Roger P. Jackson, M.D.*

82921243.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 5, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Brian P. Egan<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>began@morrisnichols.com<br>  *Attorneys for SeaSpine Holdings Corporation* | *BY ELECTRONIC MAIL* |
| Chad T. Nitta<br>Jason S. Jackson<br>Jill E. Beathard<br>KUTAK ROCK LLP<br>1801 California Street, Suite 3000<br>Denver, CO 80202<br>(303) 297-2400<br>chad.nitta@kutakrock.com<br>jason.jackson@kutakrock.com<br>jill.beathard@kutakrock.com<br>  *Attorneys for SeaSpine Holdings Corporation* | *BY ELECTRONIC MAIL* |

*/s/ Stephen J. Kraftschik*
_____
Stephen J. Kraftschik (#5623)

82921243.1