IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROGER P. JACKSON, M.D., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 20-1784 (RGA) |
| SEASPINE HOLDINGS CORPORATION, | ) ) ) |
| Defendant. | ) |

**MOTION TO STRIKE SEASPINE'S UNCLEAN HANDS AND
WAIVER DEFENSES UNDER FED. R. CIV. P. 12(F)**

Pursuant to Fed. R. Civ. P. 12(f), plaintiff Roger P. Jackson, M.D. ("Dr. Jackson" or "Plaintiff") moves to strike Defendant SeaSpine Holdings Corporation's ("SeaSpine's") defenses of unclean hands and waiver from its Amended Answer to Plaintiff's First Amended Complaint (D.I. 44, "Amended Answer"). SeaSpine's unclean hands and waiver defenses (the "Amended Defenses") should be stricken under Rule 12(f) because they do not meet the pleading requirements of Rule 9(b). The grounds for this Motion are set forth more fully below.[1]

**Procedural Background**

1. Following the Court's February 14, 2022 Order (D.I. 28) largely denying SeaSpine's motion to dismiss, SeaSpine filed its Answer to Plaintiff's First Amended Complaint on March 15, 2022. D.I. 37 ("Original Answer").

2. The Original Answer included a Third Defense, which SeaSpine titled "Equitable Defenses." SeaSpine's Equitable Defenses simply stated: "Plaintiff's claims are barred in whole

---

[1] Plaintiff's Motion to Strike is a dispositive motion under Local Rule 7.1.1. *Sonos, Inc. v. D&M Holdings Inc.,* No. CV 14-1330-RGA-MPT, 2016 WL 4249493, at *3 (D. Del. Aug. 10, 2016), *report and recommendation adopted*, No. CV 14-1330-RGA, 2016 WL 4581078 (D. Del. Sept. 1, 2016) ("a motion to strike is dispositive, and LR 7.1.1, which concerns nondispositive motions, is not applicable").

or in part by the doctrine of equitable estoppel, waiver, unclean hands, and acquiescence." D.I. 37 at 18.  SeaSpine's Original Answer did not include any factual allegations related to its purported Equitable Defenses.

3. On April 5, 2022, Plaintiff moved to strike SeaSpine's Equitable Defenses from the Original Answer under Federal Rule of Civil Procedure 12(f).  D.I. 39 ("Original Motion to Strike").

4. On April 19, 2022, SeaSpine filed its Amended Answer.  D.I. 44.  The only changes in the Amended Answer concerned the Equitable Defenses that Plaintiff had previously moved to strike.  Specifically, SeaSpine deleted its equitable estoppel defense from its Amended Answer, and slightly amended its unclean hands, waiver, and acquiescence defenses.[2]

5. Seaspine's unclean hands defense now states: "Plaintiff's claims are barred in whole or in part by reason of Plaintiff's unclean hands in attempting to enforce the Asserted Patents in bad faith in view of NuVasive's public statements that Plaintiff knowingly sold and assigned his ownership rights to the inventions claimed by one or more of the Asserted Patents to NuVasive."  D.I. 44 at 19.

6. Seaspine's waiver defense largely mirrors the unclean hands defense, and states: "Plaintiff's claims are also barred in whole or in part by the doctrine of waiver in view of NuVasive's public statements that Plaintiff knew of his existing rights to the inventions claimed by one or more of the Asserted Patents and intended to relinquish such ownership rights when Plaintiff sold and assigned away all of his ownership rights in the inventions claimed by such patents to NuVasive for sums in excess of $30 million dollars."  D.I. 44 at 19-20.

---

[2] Plaintiff is now moving to strike the amended unclean hands and waiver defenses, but is not moving to strike the amended acquiescence defense.

83226028.5

7. Both of these Amended Defenses rely exclusively on statements and legal theories presented by a different defendant, NuVasive, in a related case that is also before this Court. *Roger P. Jackson v. NuVasive, Inc.*, C.A. No. 21-553-RGA (D. Del.) (the "*NuVasive Action*"). Specifically, SeaSpine asserts unclean hands and waiver based on a purported sale or assignment of certain of the asserted patents in this case to NuVasive.[3]

8. This Court, however, has already heard and rejected NuVasive's arguments that Dr. Jackson sold or assigned to NuVasive any of the patents asserted against NuVasive (including the '292 and '273 Patents asserted here). *NuVasive Action*, D.I. 36 (Feb. 11, 2022) (the "*NuVasive Opinion*"). Specifically, in denying NuVasive's motion to dismiss, this Court stated the following in its *NuVasive* Opinion:

> Dr. Jackson contends that this assignment does not cover all the technology claimed or disclosed in the enumerated patents or applications, and instead only extends to the recited technology (e.g., "the specific proprietary bottom loaded spherical capture polyaxial pedicle screw" or "the horizontal tool attachment feature"). (D.I. 25 at 6-7). I agree.
> 
> \*\*\*
> 
> None of the nine Asserted Patents claim priority to the '239 patent. . . . Thus, I find that the Asserted Patents do not fall within the scope of "Top Notch IP" or "MIS IP."
> 
> \*\*\*
> 
> NuVasive has failed to show that any of the Asserted Patents were assigned to NuVasive or are covered by the covenant not to sue.

*Id.* at 6-9. The Court, therefore, has already held that the '292 and '273 Patents were not sold or assigned to NuVasive.

---

[3] Only two of the patents asserted in the *NuVasive Action* are also asserted against Seaspine, U.S. Patent Nos. 9,808,292 (the "'292 Patent") and 10,722,273 (the "'273 Patent"). NuVasive argued that Plaintiff had previously assigned all or substantially all of his rights in the '292 and '273 Patents to NuVasive.

**Legal Standard**

9. Federal Rule of Civil Procedure 12(f) provides that the court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may strike a defense where the "insufficiency of the defense is 'clearly apparent.'" *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (citation omitted).

10. Rule 9(b) requires that when a party alleges "fraud or mistake, [the] party must state with particularity the circumstances constituting fraud or mistake."

11. Equitable defenses, like Seaspine's Amended Defenses, must "be plead with particularity under Rule 9(b)." *Bench Walk Lighting LLC v. Everlight Elecs. Co.*, No. 20-CV-49-RGA, 2020 WL 5128086, at *1 (D. Del. Aug. 31, 2020) (striking equitable defenses of "waiver, estoppel, and unclean hands" where defendant did not plead any facts in support of those defenses). *See also Sun Microsystems*, 630 F. Supp. 2d at 408 ("a court is not required to accept affirmative defenses that are mere bare bones conclusory allegations, and may strike such inadequately pleaded defenses").

12. At the pleading stage, a court "need not 'accept as true allegations that contradict matters properly subject to judicial notice.'" *B# on Demand LLC v. Spotify Tech. S.A.*, 484 F. Supp. 3d 188, 191 (D. Del. 2020) (quoting *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017)).

**Argument**

13. SeaSpine has not pled sufficient facts in support of its Amended Defenses, both of which must be pled with particularity under Rule 9(b). Specifically, the only factual allegations that SeaSpine asserts in support of these Amended Defenses relate to an assignment theory that this Court has already rejected.

14. Here, the Court has already made a finding that there is no factual basis for SeaSpine's theory that the '292 and '273 Patents were sold or assigned to NuVasive. The Court, therefore, can and should take judicial notice of the *NuVasive* Opinion to similarly find that there is no factual basis for SeaSpine's theory that the '292 and '273 Patents were sold or assigned to NuVasive.

15. The insufficiency of SeaSpine's Amended Defenses is clearly apparent based on this Court's *NuVasive* Opinion and those defenses should be stricken. *Bench Walk*, 2020 WL 5128086, at *1 ("the Court agrees that Defendant has not pled sufficient (or, indeed, any) facts to support the third affirmative defense of waiver, estoppel, and unclean hands"); *see also Sonos*, 2016 WL 4249493, at *4-6 (striking defenses of equitable estoppel, acquiescence, waiver, and unclean hands); *SK Innovation, Co. v. LG Chem, Ltd.*, C.A. No. 19-1637 (D. Del. July 24, 2020) (Ex. 1) (striking unclean hands defense based on alleged misappropriation of defendant's technology by plaintiff and alleged spoliation of the evidence of that misappropriation).

16. **Unclean Hands:** "Unclean hands is an equitable defense requiring" a showing that the plaintiff "is guilty of conduct involving fraud, deceit, unconscionability, or bad faith." *Sonos*, 2016 WL 4249493, at *5. "Because an element of unclean hands is based in fraud, the defense must be pled with particularity under Rule 9(b)." *Id.* Here, SeaSpine has failed to plead facts sufficient to suggest misconduct by Plaintiff because the Court has already found that none of the asserted patents were sold or assigned to NuVasive, and this affirmative defense clearly fails. *Id.*; *Bench Walk*, 2020 WL 5128086, at *1 (striking unclean hands defense).

17. **Waiver:** SeaSpine also has failed to plead facts sufficient to support its waiver defense. An adequately pled waiver defense requires a showing of an existing right and an actual intention to relinquish the right. *Sonos*, 2016 WL 4249493, at *5. Because the Court has already

5

found that none of the asserted patents were sold or assigned to NuVasive, there is no factual support for SeaSpine's waiver defense, and it should also be stricken. *Bench Walk*, 2020 WL 5128086, at *1 (striking waiver defense); *Sonos*, 2016 WL 4249493, at *5 (same).

18.   Striking SeaSpine's unclean hands and waiver defenses will "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters" and prevent prejudice to Plaintiff from having to spend time and resources re-litigating these meritless defenses – the basis for which this Court has already rejected.  *Sun Microsystems*, 630 F. Supp. 2d at 402; *see also SK Innovation* at 12 (finding that failure to strike insufficient unclean hands defense would prejudice plaintiff).  Plaintiff, therefore, respectfully requests that the Court grant his motion to strike SeaSpine's Amended Defenses of unclean hands and waiver.

OF COUNSEL:

Thomas Gemmell
Mark T. Deming
Randal S. Alexander
POLSINELLI PC
150 North Riverside Plaza, Suite 3000
Chicago, IL 60606
tgemmell@polsinelli.com
mdeming@polsinelli.com
ralexander@polsinelli.com

Aaron M. Levine
POLSINELLI PC
1000 Louisiana St., 64th Floor
Houston, TX 77002
alevine@polsinelli.com

Darren E. Donnelly
POLSINELLI LLP
Three Embarcadero Center, Suite 2400
San Francisco, CA  94111
ddonnelly@polsinelli.com

May 3, 2022

POLSINELLI PC

*/s/ Stephen J. Kraftschik*
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

*Attorneys for Plaintiff Roger P. Jackson, M.D.*

83226028.5

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 3, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Brian P. Egan<br>Cameron P. Clark<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>began@morrisnichols.com<br>cclark@morrisnichols.com<br>   *Attorneys for SeaSpine Holdings Corporation* | *BY ELECTRONIC MAIL* |
| Chad T. Nitta<br>Jason S. Jackson<br>Jill E. Beathard<br>KUTAK ROCK LLP<br>1801 California Street, Suite 3000<br>Denver, CO 80202<br>(303) 297-2400<br>chad.nitta@kutakrock.com<br>jason.jackson@kutakrock.com<br>jill.beathard@kutakrock.com<br>   *Attorneys for SeaSpine Holdings Corporation* | *BY ELECTRONIC MAIL* |

*/s/ Stephen J. Kraftschik*
_____
Stephen J. Kraftschik (#5623)

83226028.5