IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROGER P. JACKSON, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1784 (RGA) |
| | ) | |
| SEASPINE HOLDINGS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT SEASPINE HOLDINGS CORPORATION'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE SEASPINE'S UNCLEAN
HANDS AND WAIVER DEFENSES UNDER FED. R. CIV. P. 12(F)**

<br>

OF COUNSEL:

Chad T. Nitta
Jason S. Jackson
Jill E. Beathard
KUTAK ROCK LLP
1801 California Street, Suite 3000
Denver, CO  80202-2652
(303) 297-2400

May 31, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant
SeaSpine Holdings Corporation*

# **TABLE OF CONTENTS**

**Pages**

I.      INTRODUCTION. ...................................................................................................1

II.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS
        AND RELEVANT BACKGROUND..................................................................3

        A.      Relevant Background From This Action. ...............................................3

        B.      Relevant Background From The Nuvasive Action.................................4

III.    SUMMARY OF ARGUMENT. ............................................................................5

IV.     ARGUMENT. .......................................................................................................6

        A.      Legal Standard. .......................................................................................6

        B.      The Nuvasive Memorandum Does Not Preclude The Challenged
                Defenses....................................................................................................6

                1.      Jackson   Improperly   Misconstrues   the   Court's
                        Memorandum as a Finding on the Merits. ...................................6

                2.      SeaSpine Cannot Be Estopped From Asserting Defenses It
                        Had No Opportunity to Litigate....................................................7

                3.      The  NuVasive  Memorandum  Did  Not  Address  the
                        Technology  Claimed  in  the  Patents  Asserted  in  this
                        Litigation.......................................................................................8

        C.      Seaspine Has Sufficiently Pled Its Affirmative Defenses Under
                Rule 9(B)...................................................................................................9

                1.      SeaSpine Pled Sufficient Facts to Support an Unclean
                        Hands Defense. .............................................................................9

        D.      Jackson Did Not Meet His Burden To Show Prejudice Will Result
                If Claims Not Stricken. .........................................................................10

V.      CONCLUSION.................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

<u>Pages</u>

**Cases**

*Anderson v. Gen. Motors LLC*,
   No. 18-621-LPS, 2019 WL 4393177 (D. Del. Sept. 13, 2019) ..................................................7

*Aoki v. Benihana Inc.*,
   839 F. Supp. 2d 759 (D. Del. 2012) .........................................................................................6

*Bench Walk Lighting LLC v. Everlight Elecs. Co.*,
   Civil Action No. 20-cv-49-RGA (D. Del. Aug. 31, 2020) ...................................................9, 10

*Fesnak & Assocs., LLP v. U.S. Bank Nat. Ass'n*,
   722 F. Supp. 2d 496 (D. Del. 2010) ......................................................................................6, 7

*Gross v. Weinstein, Weinburg & Fox, LLC*,
   123 F. Supp. 3d 575 (D. Del. 2015) .........................................................................................6

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
   458 F.3d 244 (3d Cir. 2006) ..................................................................................................7, 8

*Procter & Gamble Co. v. Nabisco Brands, Inc.*,
   697 F. Supp. 1361 (D. Del. 1988) ...........................................................................................6

*Roger P. Jackson v. NuVasive, Inc.*,
   C.A. 21-53-RGA (D. Del. Filed Jan. 19, 2021) .......................................................................1

*Sonos, Inc. v. D&M Holdings Inc.*,
   Civil Action No. 14-1330-RGA (D. Del. Aug. 10, 2016) ........................................................9

*Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*,
   2021 WL 982726 (D. Del. Mar. 16, 2021) ...............................................................................9

*Sun Microsystems, Inc. v. Versata Enters., Inc.*,
   630 F. Supp. 2d 395 (D. Del. 2009) ....................................................................................6, 10

**Rules and Statutes**

28 U.S.C. § 1292(b) ........................................................................................................................7

Fed. R. Civ. P. 15(a)(2) .................................................................................................................11

Fed. R. Civ. P. 52(a)(3) ...................................................................................................................7

Fed. R. Civ. P. 12(f) ....................................................................................................................6, 7

Fed. R. Civ. P. 9(b) .....................................................................................................................4, 9

Fed. R. Civ. P. 12(b)(6)..................................................................................................................3

Fed. R. Civ. P. 12(b)(7)..................................................................................................................3

## I.     INTRODUCTION.

In his second Motion to Strike (D.I. 47), Jackson again challenges a subset of SeaSpine Holding Corporation's ("SeaSpine") affirmative defenses—specifically SeaSpine's unclean hands and waiver defenses (the "Challenged Defenses").  (D.I. 47 at 2-3.)  Jackson's attack is not based on the *sufficiency* of SeaSpine's pleadings in support of the Challenged Defenses.  On the contrary, Jackson concedes that he understands the factual bases for these defenses.  (*Id*. at 3.) Instead, the second Motion to Strike is predicated on Jackson's assertion—at the pleading stage—that the Challenged Defenses lack substantive merit.  (*Id*.)  In essence, Jackson asks this Court to strike SeaSpine's defenses—which are based on SeaSpine's allegation that Jackson assigned to NuVasive, Inc. ("NuVasive") his rights to the technology covered by the patents he asserts against SeaSpine—on the grounds that this Court has already ruled on the full scope of Jackson's agreements with NuVasive and that such ruling is binding on SeaSpine in this litigation.[1]

Jackson's argument overlooks critical points that undercut the relief Jackson seeks. Principally, Jackson ignores that only *two* of the patents Jackson asserts against SeaSpine are at issue in the NuVasive Action.  Given the lack of identity—or even substantial overlap—amongst the patents asserted by Jackson against NuVasive and SeaSpine, there is no reasonable basis for Jackson to rely on a decision in the NuVasive Action to preclude SeaSpine from asserting a defense in this action.

Further, Jackson misconstrues the Court's Memorandum in the NuVasive Action.  (D.I. 36).  In denying NuVasive's Motion to Dismiss, the Court did not enter a judgment on the merits

---

[1] Importantly, Jackson did not move to strike NuVasive's assertion of unclean hands and waiver defenses in the NuVasive Action, *Roger P. Jackson v. NuVasive, Inc.*, C.A. 21-53-RGA (D. Del. Filed Jan. 19, 2021).

regarding the scope of Jackson's agreement with NuVasive. Indeed, the Court's ruling on NuVasive's motion is not a final, appealable order. Rather, the Court found that NuVasive did not meet its heavy burden at the motion-to-dismiss stage to demonstrate that each of the patents Jackson asserted had been previously assigned to NuVasive.

Moreover, even if the question of whether Jackson assigned to NuVasive the '292 and '273 Patents—the only two patents Jackson asserts in this case that overlap with the patents he asserts against NuVasive—had been conclusively resolved, any such ruling could not be binding on SeaSpine. SeaSpine is not a party to the NuVasive Action and it did not participate in the briefing on NuVasive's Motion to Dismiss. Accordingly, SeaSpine did not have *any* opportunity—let alone a full and fair opportunity—to litigate the issues underlying the Challenged Defenses. As a matter of black letter law, SeaSpine cannot be estopped from asserting the Challenged Defenses.

Finally, it is indisputable that the Court has not considered the question of whether Jackson's agreement with NuVasive covers the eight remaining patents Jackson asserts in this action. More specifically, as argued by Jackson and NuVasive, the scope of Jackson's agreement with NuVasive turns on the *technology* assigned by Jackson to NuVasive, and is not limited to the specific enumerated patents in the agreement. Accordingly, for the ruling to pertain to the other patents Jackson asserts against SeaSpine, there must have been a conclusive finding that the *technology* claimed by the patents Jackson asserts in this action is covered by Jackson's agreement with NuVasive. That issue has not been *briefed*, much less decided. There is no proper basis to strike SeaSpine's defenses before they have been litigated, in any court, especially at the initial pleading stage.

For these and the reasons below, Jackson's motion to strike the Challenged Defenses should be denied.

## II.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS AND RELEVANT BACKGROUND.

### A.   Relevant Background From This Action.

Jackson filed the Complaint in this case on December 30, 2020, asserting eight patents, including U.S. Patent Nos. 9,808,292 and 10,722,273 (collectively, the "'292 and '273 Patents"), and accusing SeaSpine's Mariner device of infringement.  (D.I. 1 at ¶ 6).  On April 5, 2021, Jackson filed the First Amended Complaint, asserting a total of twelve patents, and accusing two additional SeaSpine devices.  (D.I. 9 at ¶ 6).

On April 19, 2021, SeaSpine moved for dismissal of Counts One, Two, Eight, Nine, and Ten of the First Amended Complaint under Rule 12(b)(7) for failure to join a necessary party; and to dismiss Jackson's infringement claims under Rule 12(b)(6) for failure to state a claim. (D.I. 11).  On September 13, 2021, while the Motion to Dismiss was pending, SeaSpine filed a Motion for Temporary Stay, on grounds that, in a separate action pending before this Court, NuVasive had presented a question of standing for Jackson to assert at least the '292 and '273 Patents.  (D.I. 18 at p. 2).

On February 14, 2022, the Court granted SeaSpine's Motion to Dismiss in part and dismissed Jackson's claims for induced infringement, contributory infringement, and willful infringement with respect to two of the twelve patents.[2]  (D.I. 29).  SeaSpine's Motion for Temporary Stay was subsequently denied as moot.  (D.I. 30).

On March 15, 2022, SeaSpine filed its Answer to the First Amended Complaint and

---

[2] U.S. Patent Nos. 10,952,777 and 9,662,143.

asserted, *inter alia*, affirmative defenses for equitable estoppel, unclean hands, and waiver. (D.I. 37). On April 5, 2022, Jackson moved to strike SeaSpine's equitable affirmative defenses, asserting the defenses did not satisfy Rule 9(b) (the "First Motion to Strike"). (D.I. 40). On April 19, 2022, SeaSpine filed its First Amended Answer and amended its equitable defense pleadings to address the alleged deficiencies identified by Jackson in the First Motion to Strike. (D.I. 44).

On May 3, 2022, Jackson again moved to strike SeaSpine's affirmative defenses for unclean hands and waiver, now asserting SeaSpine's equitable defenses for waiver and unclean hands "clearly fail" and should be stricken in light of the Court's denial of NuVasive's Motion to Dismiss in the NuVasive Action. (D.I. 47).

### B.    Relevant Background From The NuVasive Action.

Jackson has also sued NuVasive for patent infringement in this Court. (C.A. 21-53-RGA D.I. 1). In the NuVasive Action, Jackson asserts NuVasive's products infringe nine patents, including the '292 and '273 Patents. (C.A. 21-53-RGA D.I. 17 ¶ 7). The '292 and '273 Patents are the only two patents Jackson has accused both NuVasive and SeaSpine of infringing. (*See* D.I. 47 at p. 3, FN 3).

In connection with NuVasive's Motion to Dismiss in the NuVasive Action, NuVasive challenged Jackson's standing to assert the nine patents against NuVasive, arguing that Jackson has assigned to NuVasive the entire right, title, and interest in and to the "MIS IP, Polyaxial Screw IP, and Top Notch IP" under an assignment agreement between the two parties (the "NuVasive Agreement"). (C.A. 21-53-RGA D.I. 21).

On February 11, 2022, the Court issued an Order denying NuVasive's Motion to Dismiss. (C.A. 21-53-RGA D.I. 37). In its Memorandum, the Court declined to accept, for purposes of the Motion to Dismiss, NuVasive's argument that Jackson assigned the patents that Jackson

asserts in the NuVasive Action to NuVasive.  (C.A. 21-53-RGA D.I. 36 at p. 8).  Apart from the '273 and '292 Patents, the remaining eight patents[3] Jackson asserts against SeaSpine were not addressed by NuVasive's Motion to Dismiss, the related briefing, or the Court's Memorandum. (C.A. 21-53-RGA D.I. 22, 25, 26, 34, 35, 36).

### III.     SUMMARY OF ARGUMENT.

Jackson's Motion to Strike SeaSpine's affirmative defenses of unclean hands and waiver should be denied because SeaSpine has pled facts sufficient to support its defenses—namely that Jackson acted in bad faith when he sought to enforce rights to technology that he previously assigned to NuVasive.  Contrary to Jackson's claim, the issue of the scope of Jackson's agreements with NuVasive has not been finally decided in the NuVasive Action, nor is the Court's denial of NuVasive's Motion to Dismiss binding on SeaSpine, nor has the issue of whether Jackson assigned all of the patents asserted in this action been litigated.

---

[3] U.S. Patent Nos. 7,377,923, 10,588,667, 8,540,753, 10,278,740, 10,561,445, 8,298,265, 10,349,983, and 10,524,840.

## IV.    ARGUMENT.

### A.    Legal Standard.

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Motions to strike are generally disfavored and ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 395, 402 (D. Del. 2009) (internal citations and quotation marks omitted); *see Aoki v. Benihana Inc.*, 839 F. Supp. 2d 759, 764 (D. Del. 2012).

When deciding a motion to strike, courts must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under law.  *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1361, 1362 (D. Del. 1988).  A motion to strike will not be granted where the sufficiency of the defense depends on disputed issues of facts or where it is used to determine disputed and substantial questions of law.  *Gross v. Weinstein, Weinburg & Fox, LLC*, 123 F. Supp. 3d 575, 580 (D. Del. 2015).  A court should not strike a defense unless its insufficiency is "clearly apparent."  *Fesnak & Assocs., LLP v. U.S. Bank Nat. Ass'n*, 722 F. Supp. 2d 496, 502 (D. Del. 2010).

### B.    The NuVasive Memorandum Does Not Preclude the Challenged Defenses.

#### 1.    *Jackson Improperly Misconstrues the Court's Memorandum as a Finding on the Merits.*

Jackson's only argument that the Challenged Defenses should be stricken as "clearly insufficient" relies solely on the presumption that the Court made findings on the merits in denying NuVasive's Motion to Dismiss.  Jackson's interpretation of the Court's Memorandum (C.A. 21-53-RGA D.I. 36, the "NuVasive Memorandum") is incorrect—the Court has entered no

judgment on the merits on the assignment issue in the NuVasive Action, nor did the Court make any findings of fact.  On the contrary, on the face of the NuVasive Memorandum, the Court simply denied NuVasive's argument at the motion to dismiss stage.  (C.A. 21-53-RGA D.I. 36 at 8); *see also* Fed. R. Civ. P. 52(a)(3).  Jackson does not offer this Court any reason to support his assertion that denial of a *motion to dismiss* should be treated as a ruling on the merits.  Indeed, such a denial is an interlocutory decision that is not appealable.  *See* 28 U.S.C. § 1292(b).

Absent this erroneous reliance on the NuVasive Memorandum, Jackson does not offer this Court any reason to find that the Challenged Defenses are deficient, let alone shown these alleged insufficiencies are so "clearly apparent" that they should be stricken.  *C.f.* Fed. R. Civ. P. 12(f); *Fesnak*, 722 F. Supp. 2d at 502.  Jackson's Motion to Strike should be denied in its entirety for this reason alone.

        2.      *SeaSpine Cannot Be Estopped From Asserting Defenses It Had No Opportunity to Litigate.*

Even if this Court were to conclude that the denial of NuVasive's Motion to Dismiss was somehow a finding on the merits regarding the scope of the rights that Jackson assigned to NuVasive—which it was not—such a decision is not binding on SeaSpine.  Collateral estoppel (also known as issue preclusion) is a doctrine that operates to preclude a party from relitigating an issue that has previously been decided.  *See e.g., Anderson v. Gen. Motors LLC*, No. 18-621-LPS, 2019 WL 4393177, at * 4 (D. Del. Sept. 13, 2019).  Under Third Circuit law, collateral estoppel applies when: (1) the identical issue was previously adjudicated; (2) that issue was actually litigated, (3) the previous determination was necessary to the decision, and (4) the party being precluded from relitigating the issue was fully represented in the prior action.  *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006).  The Third Circuit has also described the inquiry as looking to whether the party being precluded had a "full

7

and fair opportunity" to litigate the contested issue in the previous action and whether the issue was decided by a "final and valid judgment." *Id.*

Jackson did not and cannot argue that SeaSpine has had a "full and fair opportunity" to litigate the issue of whether Jackson assigned the patents in this case to NuVasive. SeaSpine is not a party to the NuVasive Action and did not participate in the briefing of the issues presented in NuVasive's Motion to Dismiss. Given that eight of the patents Jackson asserts against SeaSpine are not at issue in the NuVasive Action, the identical issue was also not previously adjudicated in the NuVasive Action. Moreover, the NuVasive Action is in the beginning stages of litigation, and the NuVasive Memorandum is in no way a "final and valid judgment." As a matter of law, SeaSpine cannot be bound by the decision rendered in the NuVasive Action.

### 3. *The NuVasive Memorandum Did Not Address the Technology Claimed in the Patents Asserted in this Litigation.*

Even if the Court "found" the '292 and '273 Patents were not assigned to NuVasive under the NuVasive Agreement, the Court did not consider or make any findings or determinations on whether the *technology* assigned by Jackson in the NuVasive Agreement is also claimed by any of the patents asserted against SeaSpine in *this* action. In essence, Jackson argues that because the Court has purportedly already "found" that there is "no factual basis" for a theory "that the '292 and '273 Patents were sold or assigned to NuVasive," it must also follow that there is no factual basis for SeaSpine to assert that the *technology* covered by the any of the eight remaining patents asserted against SeaSpine was sold or assigned to NuVasive.

As Jackson and NuVasive both recognized in the briefing on the Motion to Dismiss, the scope of the NuVasive Agreement is based on the technology claimed *or disclosed* in the enumerated and related patents—the assignment is not limited to the specified patent numbers. The question of whether the technology covered in the NuVasive Agreement is claimed by the

eight remaining patents Jackson asserts against SeaSpine simply was not at issue in the NuVasive Action.  As such, there is no basis for this Court to conclude that the question of whether Jackson assigned the patents asserted in this litigation to NuVasive has been addressed, let alone resolved.

### C. SeaSpine has Sufficiently Pled Its Affirmative Defenses Under Rule 9(b).

#### 1. *SeaSpine Pled Sufficient Facts to Support an Unclean Hands Defense.*

Jackson alleges SeaSpine's amended affirmative defenses are insufficient because this Court "has already found that none of the asserted patents were sold or assigned to NuVasive," and SeaSpine's affirmative defense of unclean hands therefore "clearly fails." (D.I. 47 at ¶ 16). However, as explained *supra*, SeaSpine's defense of unclean hands alleges that Jackson is acting in bad faith in attempting to enforce the asserted patents against SeaSpine because Jackson "knowingly sold and assigned his ownership rights to the *inventions* claimed by one or more of the Asserted Patents to NuVasive."  (D.I. 44 at pp. 19-20).

If indeed Jackson has sought this Court's relief for infringement of patents after he assigned the covered technology to NuVasive, as SeaSpine alleges, then Jackson may be guilty of conduct involving at least bad faith, directly related to his patent infringement claims, injurious to SeaSpine and affecting the balance of equities between the parties, which are the elements of an unclean hands defense.  *Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, 2021 WL 982726, at *12 (D. Del. Mar. 16, 2021).  Thus, in contrast to *Sonos* (cited by Jackson), where the defendant did not plead any facts to support it defenses, SeaSpine has sufficiently pled a defense of unclean hands. *Cf. Sonos, Inc. v. D&M Holdings Inc.*, Civil Action No. 14-1330-RGA, at *12 (D. Del. Aug. 10, 2016); *see also Bench Walk Lighting LLC v. Everlight Elecs. Co.*, Civil Action No. 20-cv-49-RGA, (D. Del. Aug. 31, 2020).  *SeaSpine Pled Sufficient Facts to Support Its Waiver Defense.*

Similar to Jackson's rationale to strike SeaSpine's defense of unclean hands, Jackson argues SeaSpine's defense of waiver is insufficient because the Court has "already found that none of the asserted patents were sold or assigned to NuVasive, there is no factual support for SeaSpine's waiver defense" and it should therefore be stricken.  (D.I. 47 at ¶ 17).  However, SeaSpine has sufficiently pled a defense of waiver.  Jackson is on fair notice of the nature of SeaSpine's defense, as he acknowledges in the motion, and the discovery process is the appropriate forum for SeaSpine to seek additional information concerning this defense. SeaSpine's equitable defense of waiver, as currently alleged, is sufficiently pled.  *Cf., Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 409 (D. Del. 2009); *see also Bench Walk Lighting LLC v. Everlight Elecs. Co.*, Civil Action No. 20-cv-49-RGA, (D. Del. Aug. 31, 2020) (striking the equitable defenses of waiver where the defendant did not plead ***any*** facts to support such affirmative defenses).

> **D.** **Jackson Did Not Meet His Burden to Show Prejudice Will Result if Claims Not Stricken.**

Jackson's only allegation that SeaSpine's affirmative defenses of unclean hands and waiver will "hinder or prejudice Jackson as this action proceeds" is that striking SeaSpine's defenses will "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters" and "prevent prejudice to [Jackson] from having to spend time and resources 'relitigating' these defenses."  (D.I. 47 at ¶ 18).  However, the assignment dispute has not even been fully litigated in the NuVasive Action—like this action, the NuVasive Action is in the early stages of discovery.  Moreover, litigation was streamlined when this action was consolidated with the NuVasive Action.  Accordingly, striking the Challenged Defenses will *only* serve to prejudice *SeaSpine*, by barring SeaSpine from asserting defenses that it has had no opportunity to litigate, when Jackson must still litigate the issue regardless.  Because Jackson has not

10

demonstrated any hindrance of this action or prejudice that will result to Jackson if the affirmative defenses are not stricken, as he must, Jackson's motion should therefore be denied.

## V.      CONCLUSION.

For the foregoing reasons, SeaSpine requests that Jackson's Motion to Strike SeaSpine's defenses of unclean hands and waiver be denied it its entirety.   In the alternative, SeaSpine requests leave to amend its answer and affirmative defenses under Fed. R. Civ. P. 15(a)(2), should the Court strike either or both affirmative defenses.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Cameron P. Clark*
_____
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant*
*SeaSpine Holdings Corporation*

OF COUNSEL:

Chad T. Nitta
Jason S. Jackson
Jill E. Beathard
KUTAK ROCK LLP
1801 California Street, Suite 3000
Denver, CO  80202-2652
(303) 297-2400

May 31, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 31, 2022, upon the following in the manner indicated:

Stephen J. Kraftschik, Esquire      *VIA ELECTRONIC MAIL*
Christina B. Vavala, Esquire
POLSINELLI PC
222 Delaware Avenue, Suite 1101
Wilmington, DE  19801
*Attorneys for Plaintiff Roger P. Jackson, M.D.*

Thomas L. Gemmell, Esquire      *VIA ELECTRONIC MAIL*
Mark T. Deming, Esquire
Randal S. Alexander, Esquire
POLSINELLI PC
150 North Riverside Plaza, Suite 3000
Chicago, IL  60606
*Attorneys for Plaintiff Roger P. Jackson, M.D.*

Aaron M. Levine         *VIA ELECTRONIC MAIL*
POLSINELLI PC
1000 Louisiana St., 64th Floor
Houston, TX  77002
*Attorneys for Plaintiff Roger P. Jackson, M.D.*

Darren E. Donnelly, Esquire      *VIA ELECTRONIC MAIL*
POLSINELLI LLP
Three Embarcadero Center, Suite 2400
San Francisco, CA  94111
*Attorneys for Plaintiff Roger P. Jackson, M.D.*

/s/ Cameron P. Clark
_____
Cameron P. Clark (#6647)